HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

　　　　　Plaintiff,

　　v.

JEREMY ALEXANDER CARSON,

　　　　　Defendant.

Case No. CR06-5059 RBL

ORDER

THIS MATTER comes on before the above-entitled Court upon Defendant's Motion to Suppress Evidence (Search) [Dkt. #19] and Amended Motion to Suppress Identification [Dkt. #21].

Having considered the entirety of the records and file herein, the Court rules as follows:

FACTUAL BACKGROUND[1]

On April 5, 2005[2] at approximately 3:40 a.m. Washington State Patrol Trooper R. W. Moss, Jr., while on patrol on Interstate 5, observed a gold Honda Accord traveling southbound. The Honda was traveling between 45 and 50 mph in a 60 mph zone and was reportedly weaving in and out of its lane. Trooper Moss activated his emergency lights and effectuated a traffic stop. He approached the vehicle, smelled the odor of intoxicants, and noticed that the driver's eyes were watery and bloodshot and that the driver appeared nervous. Trooper Moss asked the driver for his driver's license. In response, the

---

[1] The Court has not been provided with the police reports in this case; however, as to these basic facts both the government and the defendant appear to agree.

[2] Defendant states the date as April 5, 2005 and the government says the date was April 6, 2005. The exact date is not relevant for the purposes of this Order.

ORDER
Page - 1

passenger, a seventeen year old female named Shalimar Golphenee volunteered that the vehicle belonged to her mother and that she, the passenger, could produce her driver's license. When the trooper asked the driver to step out of the car, the driver reportedly said something derogatory to the trooper and sped away.

Trooper Moss gave chase. Eventually after traveling from the interstate onto city streets, the driver stopped the Honda, exited the vehicle and began running on foot in the vicinity of South 43rd and D Street in Tacoma, Washington. Trooper Moss again gave chase but was unable to catch the driver. The trooper returned to the Honda and arrested Ms. Golphenee. During a pat down search, the trooper discovered a check and a bank card in a name other than her own. After Ms. Golphenee was given Miranda warnings, she reportedly stated that everything in the vehicle was hers except a black bag located between the seats. Trooper Moss searched the vehicle, located the black bag, and in the black bag discovered some drugs, drug paraphernalia, and two pistols. Ms. Golphenee denied knowledge and ownership of the items found in the black bag.

Ms. Golphenee's mother, Melinda Jackson, was contacted and she arrived and took custody of the vehicle which was registered in her name.

Trooper Moss questioned Ms. Golphenee. She informed him that she had picked up the driver, who she knew as "Ru", at the Day's Inn on Tacoma Mall Boulevard and went with him to Federal Way. Trooper Moss went to the Day's Inn and the hotel manager there provided the trooper with two forms of photo identification for the defendant, Jeremy Alexander Carson. Trooper Moss recognized Carson as the driver of the Honda.

On April 6, 2005, Trooper Moss contacted Melinda Jackson and showed her a photo of the defendant. Ms. Jackson identified the picture as the person she knew as "Ru" and indicated that she had met "Ru" previously. The trooper spoke to Ms. Golphenee on April 14, 2005, and showed her a picture of the defendant. She identified the photo of Jeremy Carson as the person she knew as "Ru". Ms. Jackson and Ms. Golphenee indicated they had known Carson for several months.

The defendant challenges the search of the black bag and seeks to suppress the evidence found therein and seeks to suppress his identification by Ms. Jackson and Ms. Golphenee. Because the facts are not disputed, this Court may decide these motions without a hearing. For the reasons stated herein, both motions will be denied.

ANALYSIS

In order to challenge the search of the black bag, which for purposes of this motion the defendant admits is his, he has to have standing. To have standing, he must have a legitimate expectation of privacy in the bag. *Rakas v. Illinois*, 439 U.S. 128, 148 (1978). However, a person who voluntarily abandons property no longer has an expectation of privacy in that property and therefore lacks standing to challenge its search. *United States v. Garcia*, 909 F.2d 389, 391 (9th Cir. 1990). The Court applies an objective standard to determine whether property has been voluntarily abandoned. *United States v. Kendall*, 655 F.2d 199, 202 (9th Cir. 1981). "This determination is to be made in light of the totality of the circumstances, and two important factors are denial of ownership and <u>physical relinquishment of the property</u>." *United States v. Nordling*, 804 F.2d 1466, 1469 (9th Cir. 1986) (emphasis added). Here, by voluntarily leaving the vehicle and leaving the black bag in order to flee police pursuit, the defendant abandoned his property and thus he lacks standing to challenge its search. *United States v. Garcia*, *supra*.

The defendant challenges the identification made by Ms. Jackson and Ms. Golphenee arguing that by showing them only the picture of Carson and no others, the trooper violated pretrial identification procedures. He argues that at the very least they should have been shown a photo array, and at best a lineup should have been used. The defendant is mistaken. His argument would have merit <u>if</u> Ms. Jackson and Ms. Golphenee were not previously acquainted with the defendant and they were asked to identify a suspect. However, the trooper merely sought to ascertain whether the photo was of the person they had known for several months and identified as "Ru". It is therefore

**ORDERED** that Defendant's Motion to Suppress Evidence (Search) [Dkt. #19] is **DENIED**. It is further

**ORDERED** that Defendant's Amended Motion to Suppress Identification [Dkt. #21] is **DENIED.**

The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing pro se.

Dated this 27th day of March, 2006.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE