HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR06-5059RBL |
| Plaintiff, | ORDER |
| v. | |
| JEREMY ALEXANDER CARSON, | |
| Defendant. | |

THIS MATTER is before the Court on Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) [Dkt. #102]. The Court has reviewed the materials filed for and against said motion. Oral Argument is unnecessary. For the reasons stated below, the motion is **DENIED**.

## I. FACTS

The events leading to Carson's prosecution took place on April 6, 2005, at approximately 3:40 a.m. when a Washington State Trooper observed a car weaving in and out of the lane and speeding and initiated a traffic stop. PSR ¶ 6. Carson was driving the car. The trooper smelled alcohol when he approached so he directed Carson to get out of the car. PSR ¶ 6. Rather than comply, Carson told the officer to "suck" his private parts and fled, leading to a car chase.

Carson ultimately abandoned the car and escaped on foot. PSR ¶ 6-7. The passenger who remained in the car told the trooper that the bag located in the car belonged to Carson. Inside the bag, officers found 53.6 grams of methamphetamine and four firearms and indicia of drug dealing. PSR ¶ 7.

For this conduct, Carson was charged with felon in possession of a firearm (armed career criminal), in violation of 18 U.S.C. §§ 922(g) and 924(e)(1); possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); and possessing a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c). Dkt. 9. Following a jury trial he was found guilty on all counts. Dkt. 55. With respect to the drug offense, the jury returned a special verdict finding the amount of the mixture or substance containing methamphetamine to be 50 grams or more. Dkt. 55.

As documented in the presentence report, Carson's criminal history was extensive. The more serious of his adult convictions included convictions for second degree arson, second degree assault, first degree attempted escape, third degree assault, use of drug paraphernalia, resisting arrest, attempting to elude, and theft. PSR 66-93. His juvenile conviction include a conviction for second degree burglary, multiple theft and assault convictions and two convictions for motor vehicle theft. PSR ¶¶ 37-65. Essentially, his record is an unbroken string of crimes.

In the Presentence Report, the probation office determined that Carson is subject to a mandatory minimum 180-month (15 year) sentence as an armed career criminal, pursuant to 18 U.S.C. § 924(e), based on three prior convictions for crimes of violence. PSR ¶ 128. Probation officer also determined that Carson was a career offender pursuant to USSG § 4B 1.1 because he had two prior convictions for crimes of violence. PSR ¶¶

14, 34. Therefore, Probation calculated his guidelines range to be 360 months to life. PSR ¶ 34, 129. The Probation Officer recommended a sentence of 360 months.

Carson's sentencing was held on July 7, 2006. CR 68, ER 61. After hearing arguments of counsel, this Court ruled that Carson was a career offender. Following the guideline calculations in the presentence report, this Court imposed a sentence of 360 months, to be followed by five years of supervised release. That sentence was affirmed on appeal. *United States v. Carson,* 486 F.3d 618 (9th Cir. 2007).

Carson has now filed a *pro se* motion seeking a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). As a basis for his motion, he points to his rehabilitative efforts, and the coronavirus 2019 (COVID-19) pandemic and the greater risk of contracting this disease in a correctional institution setting. Carson is serving his sentence at FCI Sheridan and has a projected release date of August 16, 2031.

## II. ANALYSIS

**A.     The Legal Standards for Compassionate Release**

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 825 (2010). It has long been recognized that finality is an important attribute of criminal judgments, and one "essential to the operation of our criminal justice system." *Teague v. Lane*, 489 U.S. 288, 309 (1989) (plurality opinion). Consistent with that principle, Section 3582(c) provides that a court "may not modify a term of imprisonment once it has been imposed," except under three specified circumstances, one of which is a motion under 18 U.S.C. § 3582(c)(1)(A).

That statute permits provides a court to reduce an otherwise final sentence where a defendant establishes: (1) the exhaustion requirements in the statute have been satisfied; (2) an extraordinary and compelling reason supports the motion; and (3) any reduction is consistent with the policy statement.

To guide the discretion provided for in § 3582(c)(1)(A), Congress directed the Sentencing Commission to draft the referenced policy statement in 28 U.S.C. § 994(f) which provides:

> The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. *Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.*

28 U.S.C. § 994(f) (emphasis added). That policy statement is found at USSG § 1B1.13, and provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1) (A) Extraordinary and compelling reasons warrant the reduction;
>
> (B) The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

As directed by 28 U.S.C. § 924(t), the application notes then define what constitute "extraordinary and compelling reasons" to support a reduction in sentence. Specifically, application note 1 provides that extraordinary and compelling reasons exist under the following circumstances:

(A) Medical Condition of the Defendant.—

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii)      The defendant is—

(I)      suffering from a serious physical or medical condition,

(II)      suffering from a serious functional or cognitive impairment, or

(III)      experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is she is not expected to recover.

(B) Age of the Defendant.--The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less

USSG § 1B1.13 cmt. n.1. The application note also provides that extraordinary and compelling reasons may include certain described family circumstances, or other reasons as determined by the Director of the Bureau of Prisons.  The notes then provide that "[t]he court is in a unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18

U.S.C. § 3553(a) and the criteria set forth in this policy statement, such as the defendant's medical condition, the defendant's family circumstances, and whether the defendant is a danger to the safety of any other person or to the community." USSG § 1B1.13 cmt. n.4.

**B.      Carson Has Not Satisfied the Threshold Prerequisite for Relief**

Given the plain language and purpose of § 3582(c)(1)(A), the requirements for filing a sentence reduction motion—including the requirement that a defendant exhaust administrative remedies or wait 30 days before filing a motion—are properly viewed as jurisdictional. Section 3582(c) states that a "court may not modify" a term of imprisonment except in enumerated circumstances. 18 U.S.C. § 3582(c). The statute therefore "speak[s] to the power of the court rather than to the rights or obligations of the parties." *Landgraf v. USI Film Prods.*, 511 U.S. 244, 274 (1994) (citation omitted). It delineates "when, and under what conditions," a court may exercise its "adjudicatory authority." *Bowles v. Russell*, 551 U.S. 205, 212-13 (2007) (quoting *Eberhart v. United States*, 546 U.S. 12, 16 (2005) (per curiam)).

Thus, as this Court has already found, the "failure to exhaust administrative remedies is fatal to a compassionate release petition even in light of the urgency created by COVID-19." *United States v. Allison*, 2020 WL 1904047 (W.D. Wash. Apr. 17, 2020). *See also United States v. Raia*, 954 F.3d 594 (3d Cir. April 2, 2020); *United States v. Eberhar*t, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020), *United States v. Fuller,* 2020 WL 1847751, at *2 (W.D. Wash. Apr. 13, 2020); *United States v. Young*, 2020 WL 1673043, at *2 (W.D. Wash. Apr. 6, 2020); *United States v. Route*, 2020 WL 2063679 (W.D. Wash. Apr. 29, 2020).

The defendant bears the burden of showing that he exhausted his administrative rights. *See United States v. Van Sickle*, 2020 WL 2219496, at *3 (W.D. Wash. May 7, 2020) (citing cases). Here, Carson has made no claim that he filed a request for compassionate release with the warden. Moreover, no request was found in the Bureau of Prisons database for such requests. Since there is no proof of a request, and thirty days have not passed since the request was made to the warden, the exhaustion requirement has not been met. Carson's request must be denied on this basis alone.

**C.     To Be Eligible for Compassionate Release a Defendant Must Provide Extraordinary or Compelling Reasons Warranting Relief and a Reduction Must Be Consistent with the Sentencing Commission's Policy Statement.**

Once the exhaustion requirement has been met, to be eligible for a reduction in sentence, a defendant must still set out extraordinary and compelling reasons for the requested reduction. Based on the text of § 3582(c)(1)(A), the policy statement referenced in § 3582(c)(1), like that referenced in 18 U.S.C. § 3582(c)(2), *see* USSG § 1B1.10, is binding on this Court and controls how this Court is to exercise of discretion. *Cf. Dillon v. United States*, 560 U.S. 817, 827 (2010) (holding that Sentencing Commission's pertinent policy statement for the parallel provision contained in 18 U.S.C. § 3582(c)(2) is binding on district courts and any limitations contained in that Guideline is a limitation a district court's discretion to reduce sentences).

The fact that USSG § 1B1.13 has not been amended after enactment of the First Step Act does not alter that conclusion. Although the First Step Act removed the limitation that a motion could only be filed by the Director of the Bureau of Prisons, the Act did not change any of the statutory standards for relief or suggest that there should be

a broader interpretation of what constitutes an "extraordinary and compelling reason" beyond what is reflected in the policy statement. Nor did Congress direct the Sentencing Commission to change or expand this policy statement or the type of reasons that would qualify. Therefore, as numerous courts have found, this policy statement is still binding and must guide this Court's determination of whether the facts that the defendant has presented constitute "extraordinary and compelling reasons" and what situations other than the defendant's one medical condition might constitute such a reason. *See, e.g,* *United States v. Derico Fuller*, 2020 WL 2557337 (W.D. WA. May 20, 2020); *United States v. Garcia*, 2020 WL 2039227 (N.D CA. April 28, 2020); *United States v. Goldberg*, 2020 WL 1853298, *4 (D.D.C. Apr. 13, 2020); *United States v. Clark*, _ F. Supp.3d _, 2020 WL 1557397, at *3 (M.D. La. Apr. 1, 2020.

It is true that many district courts have reached a contrary conclusion.  But, as noted above, that conclusion ignores the fact that the First Step Act only addressed who can bring such a motion to the court. Moreover, even among courts that have concluded it is not binding, many still find this policy statement to be helpful guidance regarding what constitutes an extraordinary and compelling reason to disturb the finality of a sentence. *See, e.g., United States v. Wolfe,* 2020 WL 2615010 (S.D. In. May 22, 2020); *United States v. Riverinder*, 2019 WL 3816671, at *2 (D. Conn. Aug. 14, 2019); *United States v. Fox*, 2019 WL 3046086, *3 (D. Me. July 11, 2019).

Thus, before this Court may reduce the defendant's sentence, applying the guidance in USSG § 1B1.13, this Court first must determine whether the reasons the defendant has provided are extraordinary and compelling. A defendant bears the burden

to show "extraordinary and compelling reasons" that meet the high bar set by Congress and the Sentencing Commission for compassionate release to be granted. *See Riley v. United States*, No. C19-1522 JLR, 2020 WL 1819838 at *7 (W.D. Wash. Apr. 10, 2020).; *United States v. Greenhut*, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (holding that defendant bears the burden of establishing entitlement to sentencing reduction and citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)). And, if this Court concludes such a reason or reasons have been provided, it must then consider whether a reduction in sentence is appropriate in light of the factors in 18 U.S.C. § 3553(a) and the danger that the defendant might continue to present to another person or the community. Even if he had exhausted his administrative remedies, Carson cannot meet this standard.

Carson is now 45 years old. He has pointed to no health conditions that would render him particularly vulnerable to COVID-19 and there is nothing in the medical records obtained from the Bureau of Prisons that would suggest a condition that would make him susceptible to serious consequences should he contract COVID-19. *See* Exhibit A. He is housed at FCI Sheridan which, to date, has no cases of COVID-19.

And while generalized concerns about COVID-19 are certainly understandable, such concerns do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence. *United States v. Eberhart*, 2020 WL 1450745, *2 (N.D. Cal. Mar. 25, 2020). As courts have noted, the latter claim would apply to everyone in confinement and does not constitute extraordinary and compelling reasons. *See, e.g., United States v. Fuentes*, 2020 WL 1937398 (E.D. Ca. Apr. 22, 2020); *United States v. Stanard,* 2020 WL

2219478 (W.D. Wa. May 7, 2020); *United States v. Espinal*, 2020 WL 2092484 (E.D. N.Y. May 1, 2020); *United States v. Allegra*, No. 15 CR 243, DN 232 at 7 (N.D. Ill. Apr. 13, 2020). This reluctance to view compassionate release too expansively is grounded in a concern that it could yield significant sentencing disparities. *Ebbers*, 432 F.Supp.3d 421, 430 (S.D.N.Y. Jan. 8, 2020). Compassionate release is not a tool to "correct" a judgment. *Id.*

The other grounds that Carson presents are the length of his sentence and his efforts at rehabilitation. It is certainly true that Carson has received a particularly long sentence in this case. But the length of his sentence, is the reflection of his long and very serious criminal history. Moreover, in the absence of health conditions or other factors set out in USSG § 1B1.13, it simply does not constitute an extraordinary and compelling reason envisioned by the statute to grant his motion. Were it otherwise, every defendant with a lengthy sentence could approach the court to disturb the finality of the judgment on that basis. That is true even if this Court might not impose the same sentence today.

Similarly, rehabilitative efforts, while critical to prepare for a life outside prison walls, do not satisfy the standard. In 28 U.S.C. § 994(f), directing the Sentencing Commission to draft the policy statement that central to this statute, Congress expressly provided that rehabilitative efforts, standing alone, are not extraordinary and compelling reasons as defined in the statute.

Thus, a review of a Carson's motion establishes that even if he had exhausted his remedies, he has not presented an extraordinary and compelling reason for a sentence reduction. His motion is **DENIED**.

Dated this 10th day of July, 2020.

Ronald B. Leighton
United States District Judge